IT IS FURTHER ORDERED that on or before thirty days from the date of this order, respondent shall:

1. Notify all clients being represented in pending matters and any co-counsel of his suspension and his consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in his place;

2. Regardless of any fees or expenses due him, deliver to all clients being represented in pending matters any papers or other property pertaining to the client, or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in his possession or control;

4. Notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties of his disqualification to act as an attorney after the effective date of this order, and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

5. Send all such notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

6. File with the Clerk of this court and the Disciplinary Counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of notices required herein, and setting forth the address where the affiant may receive communications; and

7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

IT IS FURTHER ORDERED that respondent shall keep the Clerk, the Toledo Bar Association, and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

IT IS FURTHER ORDERED, sua sponte, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

IT IS FURTHER ORDERED, sua sponte, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Office.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

## MISCELLANEOUS DISMISSALS

**01–2282. McDonald v. Dayton.**
Montgomery App. No. 18721. This cause is pending before the court as a discretionary appeal and cross-appeal and claimed appeal of right. It appears from the records of this court that appellee/cross-appellant has not filed a memorandum in response and in support of cross-appeal, due January 30, 2002, in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute the cross-appeal with the requisite diligence. Upon consideration thereof,

IT IS ORDERED by the court that the cross-appeal be, and hereby is dismissed, sua sponte. The appeal of the city of Dayton et al. remains pending.

*Wednesday, February 20, 2002*

## MEDIATION DOCKET

The following cases have been referred to mediation pursuant to S.Ct.Prac.R. XIV(6):

**01–1634. State ex rel. Capitol Mfg., Div. of Harsco Corp. v. Johnson.** Franklin App. No. 00AP–1100.